# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KYLE J. BADER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-115-RWS |
| KEEFE SUPPLY COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Kyle J. Bader, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff states that he has tried unsuccessfully to obtain a copy of his inmate account statement. He also states that he received some money to purchase commissary items. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court

must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff states that he brings this action on behalf of himself "and all others similarly situated" against thirteen defendants: Keefe Supply Company, Sheriff John Jordan, Captains James P. Mulcahy and Ruth Ann Dickerson, Commissary Supervisor Unknown Rhea, the City of Jackson, Missouri, Cape Girardeau County, the Mayor of Jackson, Missouri, Lieutenant Unknown Davis, Prosecuting Attorney Christopher K. Limbaugh, and Judges Michael Gardner, Albert Camp and Unknown Lewis.

At the time plaintiff filed the instant complaint, he was incarcerated in the Cape Girardeau County Jail ("Jail"). All of plaintiff's claims stem from the pricing of goods in the Jail's commissary, the fact that inmates are required to pay sales tax on commissary purchases, and the practice of requiring the family members of inmates to pay deposit fees. Plaintiff sets forth numerous claims that these practices violate rights guaranteed by the United States Constitution, and that they also violate various federal and state laws. In sum, plaintiff alleges that items are sold in the commissary for prices that are much higher than local stores (such as Wal-Mart) charge members of the public for the same item. Plaintiff alleges that all of the defendants engaged in a massive civil conspiracy in violation of federal and state law to unjustly enrich themselves at the expense of inmates. He states he brings a *Monell* claim against the City of Jackson, Missouri and against Cape Girardeau County and defendants Lewis, Gardner, Camp, Limbaugh, Jordan, and the Mayor of Jackson, Missouri for having a policy of illegally charging sales tax on commissary and of charging unjust and oppressive commissary prices. Plaintiff also states he brings state law claims of unjust enrichment, fraud, conversion, and price discrimination, he states he brings a RICO claim against Keefe and other defendants, he states the defendants violated his right to equal protection, and he references the Clayton Act and the Robinson-Patman Act. He seeks monetary and injunctive relief.

**Discussion**

As an initial matter, the Court will dismiss all claims plaintiff is attempting to bring on behalf of anyone other than himself. Plaintiff lacks standing to bring claims on behalf of others, and he does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See* 28 U.S.C. § 1915(e)(2)(B); *Lewis v. Lenc–*

*Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

To the extent plaintiff attempts to bring a § 1983 claim against any defendant for overcharging for commissary items, charging sales tax, charging deposit fees, or violating Missouri law, such attempt fails. To state a claim under 42 U.S.C. § 1983, plaintiff must allege, *inter alia*, the violation of a federally-protected right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not have a federally-protected right to commissary privileges or commissary pricing, and he certainly has no legal basis to demand he be allowed to purchase commissary goods tax-free.[1] If a jail voluntarily sets up a commissary or provides for commissary services, there is no federal requirement that the commissary items be sold at or near the price that a member of the public would pay for the same item. *See LaPlante v. Lovelace*, 2013 WL 5572908 at *11 (W.D. Mich. Oct. 9, 2013) ("Federal courts consistently have held that prisoners have no right to purchase products at regular retail prices."). Similarly, plaintiff's allegations that the defendants violated Missouri law fail to state a claim under § 1983. *See Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state

---

[1] *See Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price and without tax); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary, and the Court can discern no federal law that is violated by requiring inmates to pay state sales tax on their purchases); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Verrette v. Randolph*, 2009 WL 103715, at *9 (E.D. La. Jan. 14, 2009) (collection of state taxes on prison commissary purchases does not violate plaintiff's constitutional rights); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd"); *McCall v. Keefe Supply Co.*, 71 F.App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed.").

claim redressable in a § 1983 action); *Richard v. Cupp*, 2009 WL 840218, at *5 (W.D. La. Mar. 25, 2009) (prisoner's contention that commissary's collection of sales tax violates Louisiana law fails to state a claim for which relief may be granted under § 1983).

Plaintiff also states that his right to equal protection was violated. However, he does not allege that he was treated differently from anyone similarly situated to him. In fact, the allegedly wrongful conduct of which plaintiff complains affects one group of people, namely inmates at the Jail, all of whom are treated in the same manner. To the extent plaintiff can be understood to argue that prisoners are a protected class, such argument fails. *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998) (prisoners are not a protected class).

Plaintiff also states that he brings a civil conspiracy claim under § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). As noted above, however, plaintiff has failed to allege the violation of a federally-protected right. He therefore fails to state a § 1983 conspiracy claim. Plaintiff's *Monell* claim fails for this same reason, as there can be no claim against any defendant for any policies, practices or customs leading to the violation of a federally-protected right.

Plaintiff also states he brings a RICO claim against all of the defendants. To state a civil RICO claim, plaintiff must plead, *inter alia*, that the defendants engaged in a pattern of racketeering activity. *Wisdom v. First Midwest Bank of Poplar* Bluff, 167 F.3d 402, 406 (8th Cir. 1999) (citation omitted). The term "racketeering activity" includes a variety of criminal offenses under state and federal law, including murder, kidnaping, gambling, arson, robbery, bribery, extortion, and obstruction of justice. 18 U.S.C. § 1961(1). Here, plaintiff states, in a

6

wholly conclusory manner, that the defendants bribed local officials, and he speculates this was done in order to gain a monopoly over the prison goods market and to keep inmates incarcerated for longer periods of time. Merely conclusory or speculative statements are insufficient to adequately plead the requisite predicate acts. *See Iqbal*, 556 U.S. at 678; *see also Peterson v. Shansk*, 149 F.3d 1140, 1145 (10th Cir. 1998) (for predicate acts, plaintiff must plead more than conclusory allegations). Plaintiff also alleges that the defendants overcharged for commissary goods, illegally charged sales tax, and charged commissary deposit fees. These allegations do not describe criminal offenses that are included in the definition of racketeering activity.

Plaintiff also references the Clayton Act and the Robinson-Patman Act.[2] However, for an action to lie under the Robinson-Patman Act, there must be evidence of unfair price discrimination between competitors. Here, plaintiff does not explain, nor is it apparent, how any defendant engaged in anticompetitive practices.

Along with the complaint, plaintiff filed a motion for preliminary injunction, asking the Court to enjoin the defendants from charging unjust commissary prices, engaging in racketeering, or charging sales tax on commissary purchases. As explained above, plaintiff is not entitled to relief on such claims. The motion will therefore be denied.

Finally, because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

---

[2] The latter is an amendment to the former.

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of July, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE